# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 21-4090

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

GEORGE MALCOLM HARGROVE,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:19-cr-00114-RJC-DSC-1)

Submitted: April 14, 2022                     Decided: April 18, 2022

Before DIAZ and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Malcolm Hargrove pled guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court imposed a sentence of 210 months' imprisonment on each count, to be served concurrently. On appeal, Hargrove argues that his sentence is procedurally unreasonable because the district court erred in applying a five-level enhancement under U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(B) (2018), and in failing to comply with Fed. R. Crim. P. 32 at sentencing.[*] We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). In evaluating procedural reasonableness, we must determine "whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Hargrove argues that the district court erred in applying a five-level enhancement for distributing child pornography in exchange for valuable consideration, but not for

---

[*] Although Hargrove summarily asserts on appeal that his sentence is also substantively unreasonable, he fails to develop that argument. Therefore, he has waived review of that claim. *See Hensley v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017) ("[A] party must do more than take a passing shot at an issue to properly preserve it for appellate review." (cleaned up)).

pecuniary gain, pursuant to USSG § 2G2.2(b)(3)(B).  Because Hargrove did not challenge the enhancement below, we review for plain error.  *United States v. Barringer*, 25 F.4th 239, 253 (4th Cir. 2022).  To establish plain error, Hargrove must demonstrate (1) there was an error, (2) the error was plain, and (3) the error affects Hargrove's substantial rights.  *Id.*  Even then, we recognize plain error "only to prevent a miscarriage of justice."  *Id.* (internal quotation marks omitted).  We conclude that the district court did not err in applying the enhancement.

Last, Hargrove asserts that the district court failed to comply with Fed. R. Crim. P. 32(e)(2), which requires the probation officer to provide the presentence report (PSR) to the defendant "at least 35 days before sentencing unless the defendant waives this minimum period."  Hargrove also contends that the district court failed to ensure that he had an opportunity to read the final version of the PSR, and to allow him to object to the final PSR, as required by Fed. R. Crim. P. 32(i)(1)(A), (C).  Because Hargrove similarly failed to raise these claims in the district court, we review for plain error.  *See Barringer*, 25 F.4th at 253.  Having reviewed the record, we discern no reversible error.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3